[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10042
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00005-RS-LB-5


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER MATHIS,

Defendant-Appellant.


_____

No. 13-10055
Non-Argument Calendar
_____

D.C. Docket No.  5:12-cr-00005-RS-LB-6


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES MORGAN,

                                        Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(February 6, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Mathis and Willie Morgan appeal their convictions for conspiracy to distribute and possess with intent to distribute five or more kilograms of a substance containing a detectable amount of cocaine.  21 U.S.C. § 841(b)(1)(A)(ii).  Morgan also appeals his conviction for being a felon in possession of a firearm and ammunition.  18 U.S.C. §§ 922(g)(1), 924(a)(2). Mathis and Morgan argue, for the first time, that the district court should have questioned and replaced a juror who allegedly slept during the first day of trial and that their trial attorneys were ineffective for failing to object to the juror's inattentiveness.  We affirm Mathis's and Morgan's convictions, but we decline to review their arguments about ineffective assistance of trial counsel.

Because Mathis and Morgan did not object to the juror's alleged sleeping in the district court, our review is for plain error.  See United States v. Moriarty, 429

2

F.3d 1012, 1018 (11th Cir. 2005). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." Id. at 1019. "[T]he law of this circuit [is] that . . . there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving" the issue. United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005).

The district court did not plainly err by failing to question and replace the juror. "Defense counsel [has] a duty to call a juror's inattentiveness to the court's attention." United States v. Curry, 471 F.2d 419, 422 (5th Cir. 1973). Mathis's and Morgan's attorneys observed the juror allegedly sleeping during voir dire, but decided to "keep him" because he was one of the only men on the jury panel. When the district court learned that the juror might have neglected to respond to a question during voir dire, the district court and Morgan's attorney speculated that the juror had been sleeping during voir dire and the first day of trial. Mathis's attorney, who was concerned that the juror was the "sole African-American" on the petit jury, commented that the juror might have been "concentrating." The prosecutor suggested the juror's behavior was "something . . . that possibly needs to be addressed," but the district court decided not to question the juror about sleeping. Neither defense counsel objected to that decision. "There is no per se rule requiring an inquiry in every instance of alleged [juror] misconduct," United States v. Hernandez, 921 F.2d 1569, 1577 (11th Cir. 1991), and we cannot fault the

3

district court for failing to investigate the juror's alleged sleeping when defense counsel failed to object to it.  When examined about his potential knowledge of any witnesses, the juror's responses suggested that he was awake and attentive during the trial.  See id. at 1577–78; United States v. Holder, 652 F.2d 449, 451 (5th Cir. 1981).  We will not permit Mathis and Morgan to disregard the juror's behavior to "sew[] a defect into the trial, and later claim its benefit," Curry, 471 F.2d at 422, particularly when they fail to cite any precedent that requires the district court sua sponte to remove a sleeping juror.

We decline to address Mathis's and Morgan's arguments that their attorneys were ineffective.  Mathis and Morgan failed to develop a record that would allow us to evaluate their arguments that their attorneys should have made a "formal motion to remove or object[] to the presence of the sleeping juror."  See United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).  Mathis and Morgan can raise their arguments in a postconviction motion.  See 28 U.S.C. § 2255.

We **AFFIRM** Mathis's and Morgan's convictions.

4